1815.

GELSTON
v.
HOYT.

Order accordingly.

---

GELSTON AND SCHENCK *against* HOYT. *October* 14th.

A decree of a court of competent jurisdiction, on the point at issue before it, can only be reviewed in the regular course of appeal. The decree of a court of peculiar and exclusive jurisdiction is conclusive on all other courts.

As where a vessel was seised and libelled in the district court of the *United States*, as forfeited, for being fitted out, in violation of an act of congress, to be employed in the service of a foreign state, to wit, that part of the island of *St. Domingo* under the government of *Petion*, to commit hostilities on the subjects of another foreign state, to wit, that part of the same island under the government of *Christophe*, with whom the *United States* were at peace; and the district court dismissed the libel, and ordered the vessel to be restored to the claimant, and refused a certificate of probable cause of seizure ; this decree was held conclusive as to the lawfulness of the seizure.

If a bill seeks discovery in aid of the jurisdiction of a court of law, it must appear that such aid is clearly necessary, and the discovery material to the defence ; for where the facts depend on the testimony of witnesses, and the court of law can compel their attendance, this court will not interfere.

*It seems* that this court will not sustain a bill of discovery, and an injunction, merely to procure such admissions by the party as might be used in mitigation of damages, in an action of trespass, at law, unless, perhaps, in very special cases.

It belongs to the *government* of the country to declare, whether it will consider a colony that has thrown off the yoke of the mother country as an independent state ; and, until government has decided on the question, courts of justice are bound to consider the ancient state of things as remaining unchanged.

MOTION to dissolve the injunction granted by the mas-

ter in this cause, on the matter of the bill only, and before answer.

The bill stated, that *Gelston*, as collector of the customs in *New-York*, and *Schenck*, as surveyor of the port, on the 10th of *July*, 1810, seized the ship *American Eagle*, &c., as forfeited to the *United States;* that she was libelled, in the district court of the *United States*, for the district of *New-York*, by the attorney of the *United States;* that the libel alleged that the ship, on the 1st of *July*, 1810, was fitted out and armed, or attempted to be fitted out and armed, with intent that she should be employed *in the service of a foreign state*, to wit, of that part of the island of *St. Domingo* under the government of *Petion*, to commit hostilities upon the subjects of *another foreign state*, with whom the *United States* were then at peace, to wit, of that part of the said island under the government of *Christophe*, contrary to the statute, &c.; (see *act of Cong.* 5th *of June*, 1794. *Laws of U. S.* vol. 3. p. 88. 3 *Cong.* sess. 1 ch. 50. s. 3.;) by reason whereof the said ship became forfeited, &c. That, on the 7th of *November*, 1810, the defendant put in an answer and claim, under oath, in the district court, alleging that he was a citizen of the *United States*, and sole owner of the said ship, &c. ; that he purchased her, *bona fide*, for a valuable consideration, and ignorant of any cause of forfeiture, and denied that the ship was fitted out and armed, or attempted to be fitted out and armed, with intent to be employed in the service of any foreign state whatsoever. That, on the 12th of *August*, 1812, the cause was heard before the district court, and, on the 24th of the same month, a decree was pronounced by that court, that the libel should be dismissed, and the vessel and her equipment be restored to the defendant; and that a certificate of probable cause of seizure ought not to be granted. That the defendant, afterwards, brought an action of trespass against the plaintiffs, in the supreme court of *New-York*, in which they had laid their damages, by means of the seizure and detention of the vessel, to

*1815.*

GELSTON
v.
HOYT.

200,000 dollars, which cause was, then, at issue; the bill further stated, that *James Gillespie,* on the 14th of *July,* 1809, contracted for the purchase of the ship, with her then owners ; and that *Gillespie,* in making the purchase, was the agent of *Petion,* &c. That, by arrangement among the agents, the defendant was to become the ostensible purchaser of the vessel, instead of *Gillespie,* but for the use of *Petion;* and that, at the time, *Petion* applied to *A. Kane,* of *Port-au-Prince,* for a loan of money, who, by bills drawn on *New-York,* in favour of *Dawson,* the agent of *Petion,* advanced 20,000 dollars, which bills were accepted and paid; and the sum of 12,800 dollars, part of the money, was paid by *Gillespie* to purchase the vessel; that other large sums were advanced, in produce, &c., by *Petion,* and his agents, towards the equipment of the vessel, &c. That they believed that, by an arrangement among the agents of *Petion,* the defendant was to become the ostensible purchaser of the vessel, instead of *Gillespie ;* and the vessel was, accordingly on the 18th of *January,* 1810, transferred to the defendant for that purpose ; that the defendant had declared that he purchased the vessel for *Petion.*

The plaintiffs further charged, that the defendant was not the *bona fide* or only owner of the vessel at the time of the seizure; but that the vessel was purchased and equipped by *Gillespie* and the defendant, as agents of *Petion,* and for his benefit ; and that it was intended that the vessel should be fitted out and employed in violation of the laws of the *United States,* &c. The bill, also, contained the usual allegation, that the plaintiffs were remediless at law; and they prayed that the defendant might make full answer and discovery, &c., and set forth all contracts made by him, or any other person, on his account, with *Petion,* or any other person, on his account ; and that he be enjoined from proceeding to trial of the suit at law ; and, if the premises be established, that he be perpetually enjoined, &c.

1815.

GELSTON
v.
HOYT.

VOL. I. 3 Z

1815.

GELSTON
v.
HOYT.

*Emmet* and *Colden*, in support of the motion. They cited *Imlay* v. *Sands*, 1 *Caines*, 566. 4 *Cranch's Rep.* 272. 1 *Edw. Adm. Rep.* 1. 2 *Bro. C. C.* 319. 4 *Bro. C. C.* 480.

*Wells* and *Baldwin*, contra.

THE CHANCELLOR. I have carefully examined and considered the contents of the bill, and I cannot perceive any sufficient ground for retaining the injunction. This is not a bill of discovery, in the strict and technical sense of the term. It is no more a bill of discovery, than every other bill seeking relief, and which calls upon the defendant to disclose by answer, the circumstances of the plaintiff's case as preparatory to such relief. This bill seeks to transfer the jurisdiction of the suit at law to this court, and to have the merits of the case discussed, and finally decided here, and the suit at law perpetually enjoined.

The first question that then arises is, whether the bill shows a right or title to relief in this court. I intimated an opinion upon the argument, that the bill failed in showing any right to relief, and my subsequent reflections have more and more confirmed that opinion. I am concluded, by the decree of the district court, that the vessel was not liable to seizure and forfeiture, under the laws of the *United States*, and that question cannot be re-examined here. The decree of every court of competent jurisdiction, on the point in issue before it, can only be reviewed in the regular course of appeal ; and, as long as it continues in force, the decree, if it be the decree, as it is here, of a court of peculiar and exclusive jurisdiction in the case, is conclusive upon all other courts. It is quite unnecessary, therefore, to consider whether the governments of *Petion* and *Christophe*, in the island of *St. Domingo*, were *foreign states*, within the purview of the act of congress, under which the seizure was made, because that question becomes perfectly immate-

rial, if we are concluded, by the decision of the district court, from opening the question of the lawfulness of the seizure.

I should have no difficulty, however, if the question was properly before me, in declaring, that, until those chiefs are recognised as independent powers by the government of this country, to whom is intrusted the control of our foreign relations, the courts are bound to look to the ancient state of things, and to regard them as belonging to *France.* The judicial opinions referred to upon the argument, would, of themselves, very much conduce to put this point at rest.

The bill shows further, that the district court refused to grant to the plaintiffs a certificate that there was probable cause for the seizure ; consequently, a suit at law for the unlawful seizure was well commenced, and there is no equity charged that can defeat that suit.

The discovery is not, then, wanted for the purpose of final relief here. This court can grant no such relief.

But it is contended, that the discovery, by the defendant's answer, of the matters charged in the bill, may become material on the trial at law, in mitigation of damages; and this leads us to consider whether this bill contains sufficient ground to call for a discovery for such a purpose ; and, if it does, then whether that purpose be sufficient.

If a bill seeks discovery in aid of the jurisdiction of a court of law, it ought to appear that such aid is required. If a court of law can compel the discovery, a court of equity will not interfere ; and facts which depend upon the testimony of witnesses can be procured or proved at law, because courts of law can compel the attendance of witnesses. It is not denied, in this case, but that every fact material to the defence, at law, can be proved by the ordinary means, at law, without resorting to the aid of this court. The plaintiffs did not come here for any such aid, and it ought not to be afforded unless they call for it, and show it to be necessary. I should presume, from the bill itself, that every material fact relative to the ownership of the vessel could be commanded without

1815.

GELSTON
v.
HOYT.

resorting to this court; and such trials at law are not to be delayed, and discoveries required, when the necessity of such delay, and discovery is not made to appear. This would be perverting and abusing the powers of this court. Unless, therefore, the bill states, affirmatively, that the discovery is really wanted for the defence at law, and, also, shows that the discovery might be material to that defence, it does not appear to be reasonable and just that the suit at law should be delayed. The bill is, therefore, defective and insufficient in this point of view.

But supposing the bill did state that the discovery sought for was material to the defence, and could only be procured from the defendant's answer, the question would then occur, whether that discovery would be material in this case. As the bill might possibly be amended, or a new bill framed so as to meet the point, it will be convenient to the parties to consider the present bill as if it actually contained all those requisite allegations.

No discovery sought by the bill can amount to a justification at law. If it be admitted that there was probable cause for the seizure, that probable cause, without a certificate, would be no justification. The rule of law on this point is settled. (*Imlay* v. *Sands*, 1 *Caines' Rep.* 566.) The proof of the facts charged, if material or admissible at all, could only be so in mitigation of damages; and I think it is a very important question, whether this court is to sustain bills of discovery and process of injunction, merely for the purpose of procuring admissions that might be used to mitigate damages. I should not incline to admit such a practice in general terms; it might soon become vexatious and intolerable. The cases ought, at least to be *special*, in which the certain bearing of the proof upon the case ought to appear, and some rule or test afforded by which the pertinency and materiality of the testimony could be ascertained. But without attempting, at present, to lay down any general rule on this point, I am not able to perceive how any of the

facts charged in this bill could become material to the defence in any point of view. The plaintiffs have committed a *tort* in seizing and detaining the defendant's vessel, and they must answer for the actual damages which he sustained. How can it affect the question of damages, whether the defendant was owner in his own right, or as trustee for another? Whoever may be the person beneficially interested, as owner, the damages are the same ; and if impartial justice takes place, as we are to presume it will, the amount assessed will be the same. The defendant must make out a right or title to the action, or he will not recover ; and whether he recovers for himself alone, or in part, or in whole, for any other person, is a question between him and that person, and not between him and the plaintiffs. I am not to speculate upon facts and circumstances as they might possibly operate upon the feelings and prejudices of jurors. I am only to inquire and adjudge what facts can, materially, and upon legal principles, control the damages on the trial at law, under the direction of a discreet and intelligent court. Without some such rule for the exercise of the judgment, we should be left to wander into the region of imagination and dreams.

In this view of the case, I cannot perceive that the fact, whether *Petion* was, or was not, the *cestuy que trust* of that vessel and her equipment, can be material in estimating the damages incurred by the unlawful seizure. The moment the trespass is admitted, the recovery is certain, and the rule of damages is the loss of the use, and the deterioration of the vessel.

In every view which has been taken of this case, I am, accordingly, of opinion, that the motion to dissolve the injunction ought to be granted.

Injunction dissolved.(<i>a</i>)

(*a*) See *Appleyard* v. *Seton*, (16 *Vesey*, 223.,) where it is ruled, that an injunction to stay a trial at law must be founded on affidavit, stating the belief of the party, that the answer will furnish discovery material to his defence.