JOSEPH M. STILLWELL v. ROBERT M'NEELY.

Under a general demurrer for want of equity, a demurrer *ore tenus* may be made for want of parties.

The general rule, that all persons who have an interest in the decree must be made parties, has its exceptions, and will be controlled and regulated in the discretion of the court.

A mere nominal trustee cannot bring a suit in his own name, without joining his cestui que trust with him.

BILL for relief and for an injunction to restrain proceedings at law, filed September 27th, 1838. General demurrer to the bill for want of equity. The nature of the bill, and the grounds relied upon in support of the demurrer, sufficiently appear in the opinion of the chancellor.

*J. C. Potts,* for defendant, in support of the demurrer, cited 6 *J. C. R.* 143; 1 *J. C. R.* 543; 13 *Vesey,* 251; *Wigram on Discovery,* 19, 21, 90; *Ibid,* 147, *note (e.)*; 2 *Vesey,* 679, 459; 2 *J. C. R.* 73, 47.

*J. Wilson,* for complainant, contra.

THE CHANCELLOR. The complainant and two other gentlemen, were appointed commissioners by the orphan's court of the county of Burlington, to divide the real estate of Asa Rogers, deceased, among his children and heirs at law. Not being able to divide the estate, they sold it, and on such sale received a con-

siderable sum of money, which they deposited for safe-keeping in the State Bank at Trenton. Shortly after such deposit was made the bank failed, and the commissioners prosecuted an action at law against the bank, and obtained judgment for the amount due them. Executions issued upon this judgment, and certain lands said to be the property of the bank, lying part in the (now) county of Mercer, and part in the county of Monmouth, were sold, and purchased by the complainant. The complainant says that he purchased, under the advice of the counsel of the commissioners, for and in behalf of the heirs of Asa Rogers, and received a deed in his own name, but really in trust for said heirs, and that the said heirs have since approved his course, and requested him to proceed and sell the lands for their account. The lands so bought by the complainant lying in the county of Mercer are stated to be in the possession of the defendant, and those in Monmouth in the possession of the complainant. For those in Mercer the complainant has brought ejectments, and for those in Monmouth the defendant has brought an ejectment. The object of these suits is to try the complainant's title to the lands purchased by him, as above stated, at sheriff's sale. The bill charges that the defendant was a director of the bank, and without consideration therefor, obtained a deed from the bank for the said lands which is fraudulent and void, and now claims under the same as a valid conveyance to him. The object of the bill is to obtain a discovery of the true character of the defendant's deed in aid of the complainant's suits at law, and for relief in this court, by a decree declaring the deed from the bank to the defendant null and void. To this bill the defendant has filed a general demurrer for want of equity, which is now to be disposed of.

In the first place, it is insisted in support of this demurrer, that the proper parties are not before the court. This is met by the complainant's counsel by an objection, that on this demurrer the party is not at liberty to raise any question as to parties. But the rule is clearly otherwise. Under a general demurrer for want of equity, a demurrer *ore tenus* may be made for want of par-

ties. 2 *Hoffman's Ch. Prac.* 218; 6 *Johns. Ch. Rep.* 143. It is urged, that the heirs of Asa Rogers, as cestui que trusts, are necessary parties with the present complainant; and under the frame of the bill I incline to that opinion. The complainant states himself to be a mere trustee for these heirs, and is particular to declare all that he does to be in that character, and for the purpose of obtaining the means to remunerate them for their losses; and he further states, that his course in purchasing the lands for their account has been approved of by them. Who are proper parties to a bill, is often a nice question; and while the rule, as a general one, requires that all persons must be made parties who have an interest in the decree which may be made, yet even this has its exceptions, and will be controlled and regulated in the discretion of the court. There are cases where the inconvenience would be so great to bring a large number of defendants before the court, that it has been dispensed with from the necessity of the case. In the case of *Van Vechten and Sebring* v. *Terry and others*, 2 *John. Ch.* 197, it was held, on the foreclosure of a mortgage made by a man as trustee for two hundred and fifty persons, that the trustee alone was sufficient to be made defendant. It was placed on the ground of the great expenses it would call for, and the conviction that the trustee would alone, for the purposes of that suit, sufficiently represent all the parties in interest. But these extraordinary cases cannot and do not affect the general rule, and accordingly we find the same chancellor who decided the case just referred to, in *Malin* v. *Malin*, 2 *John. Ch.* 238, states the rule to be, that a mere nominal trustee cannot bring a suit in his own name without joining his cestui que trust with him. There is a sound reason for this rule. The persons interested should come before the court and be heard on their own account, and the defendant should by the decree in the cause be protected against all claim on their part. A question might, perhaps, be made in this case, whether in fact, under the circumstances, the complainant could be considered as the mere trustee for others in the purchase of these lands. Yet he states the fact to be so, and that the cestui que

[Stillwell v. M'Neely.]

trusts have recognized the purchase as made on their account, and such on this demurrer must be taken as the truth of the case; and being so, the complainant was bound to join with him those for whom he professes to be only such nominal trustee. This being matter of form only, may be amended on proper application, and it will therefore be for the interest of all concerned to consider the remaining part of the case.

The second exception in support of the demurrer, goes to the whole merits of the bill, and I cannot think it is well taken. This is a bill asking relief against a deed which the defendant has for lands purchased by the complainant at a sheriff's sale, and for which he has title, on the ground of fraud. The complainant stands in a position entitling him to call in question the validity of this deed. He is the person interested; and if his allegation be true, and the defendant's deed void, should have the aid of this court. It is removing out of his way the only impediment to a good title to the lands in question, and by the exercise of the common jurisdiction of the court. It is not, as it would seem from the defendant's argument to have been viewed, as a mere bill for discovery in aid of a suit at law, but a case where the discovery is necessary for the relief asked in this suit.

In the case to which I am referred from 1 *Johns. Ch.* 543, the chancellor was of opinion, that the complainant could have no relief in the court of chancery, even if his case as stated was fully made out; the discovery, therefore, was not wanted for that purpose, but only in aid of a suit at law, and as no reason was assigned why the proof could not as well be had in the suit at law, especially as it went only in mitigation of damages, he refused to interfere. The case in 13 *Vesey*, 251, to which I am also referred, is founded on a decision in 4 *Vesey*, 70. There the complainant's object was to get at the train of the defendant's title, and for the production of his papers. The court say, while they would remove any impediment in the way of the complainant, they will not lend their aid for the mere purpose of obliging a party to show in advance the foundation of the title on which he means to rest his defence at law.

[Stillwell v. M'Neely.]

In the case before me, the title on which the defendant rests is well known, and no discovery is wanted for that purpose; but the object of the complainant is to set aside as fraudulent a deed on which he claims title. Nor do I see the application of the cases, that a bona fide purchaser without notice will be protected from answering in reference to his title. The complainant purchased, probably, with knowledge of the defendant's title, and took his deed with the intention of questioning the defendant's deed, and thereby saving his debt. This he had a right to do.

As to making the bank a party, as urged by the defendant, I see no propriety in so doing. In this suit there is no controversy with the bank. If the deed given to the defendant is not valid, it must be so declared, but no decree can be had against the bank.

Upon the merits, therefore, there is no reason why the defendant should not answer; but on the first exception, as to parties, the demurrer must be sustained, with costs.

Demurrer sustained, with costs.