## Case No. 9,091.

MARKEY v. MUTUAL BEN. LIFE INS. CO.

[3 Law & Eq. Rep. 647;[1] 6 Ins. Law J. 537.]

Circuit Court, D. Massachusetts. April 13, 1877.

DISCOVERY—POLICY OF INSURANCE—SPECIFIC PERFORMANCE—MISJOINDER—LACHES—DEMURRER.

[1. A bill which seeks, firstly, the discovery and production of an application for a policy of insurance and of the policy made thereon, and, secondly, a decree requiring the delivery of the policy and a specific performance of a contract to deliver it, is bad for multifariousness.]

[2. A bill for discovery in aid of a suit at law cannot be maintained in the absence of allegations that it is material that the discovery should be had, and that the court of law in which the case is pending cannot compel the discovery.]

[3. A bill for specific performance of an agreement to deliver a contract of insurance cannot be maintained when the same is not filed for more than ten years after the cause of action accrued. Under such circumstances the suit is barred, both on the ground of laches and by the statute of limitations.]

Bill in equity for the discovery and production of the original application for a policy of insurance, and of a policy of insurance alleged to have been made by the defendants in accordance with the application, such discovery and production being sought to enable the complainant to maintain a suit at law; and also for the specific performance of an alleged agreement to deliver a policy of insurance and a decree for the delivery of the policy to the complainant. There was a demurrer to the bill.

---

[1] [Reprinted from 3 Law & Eq. Rep. 647, by permission.]

[2] [Dwight Foster, for defendant.

[This bill was filed May 20, 1876. It alleges (1) That James W. Hoyt, the plaintiff's late husband, on Sept. 21, 1865, made a written application for a policy of insurance on his life for the benefit of the plaintiff, for the sum of three thousand dollars; (2) that said application was delivered to Chas. F. Wells, the duly authorized agent of the defendant corporation; (3), that the defendant, by Wells, its duly authorized agent, agreed, if it should accept said application, to make and deliver to the plaintiff a policy of insurance according to the terms of the application and of the policy then in use by the defendant, upon the payment of a certain premium therefor by the plaintiff; (4) that the defendant accepted the application and made and signed a policy of insurance in accordance with the application, and in the form of a policy then in use by the defendant; (5) that Hoyt made an agreement with one Banks that the said Banks should pay the premium due on the policy, in behalf of the plaintiff; (6) that early in November, 1865, Wells, agent for the defendant, brought the policy of insurance to the house of Hoyt, and notified the plaintiff that the defendant had accepted the application, and made, written, and executed the policy; (7) and thereupon Wells agreed to go to Banks and obtain from him the premium, which premium Banks was ready, on behalf of the plaintiff, to pay to Wells, the defendant's agent, and to leave with Banks the policy; but Wells did not call upon Banks as he had agreed to, and did not demand of him the premium nor deliver to him the policy, but returned the same to the defendant; (8) that plaintiff the next day learned of Banks' neglect, and at once tendered the premium to the defendant at its office in Boston and demanded the policy, but the defendant refused to receive the premium or to deliver to her the policy; (9) that Hoyt died November 23, 1865; (10) that plaintiff notified defendant of his death, and demanded payment of said sum of three thousand dollars, which defendant refused to pay, or deliver said policy; (11) that plaintiff commenced a suit at law to recover said sum of three thousand dollars, returnable at the superior court of Essex county on the first Monday of June, A. D. 1866 [103 Mass. 78]; (12) that the plaintiff is advised "that in accordance with the decisions of the supreme judicial court of Massachusetts, she cannot safely proceed in said suit without a delivery to her of said policy, which she has demanded, but defendant refuses to deliver to her." (13) Then follow the interrogatories: 1. Did not Hoyt make a written application for a policy of $3,000? 2. Did not defendant accept it? 3. Did not defendant make and sign a policy? 4. Did not defendant, upon tender of the premium during the life of Hoyt, refuse to deliver the policy? 5. Does not defendant still refuse to deliver

---

[2] [From 6 Ins. Law J. 537.]

the policy? (15) Next is a prayer that defendant may discover and produce the original application, and the policy of insurance so made by it; (16) and may be decreed to deliver this said policy and that the terms of the agreement for a policy of insurance may be specially performed; (18) and for other and further relief. The present bill is an attempt to transfer wholly or in part to this court a litigation which has been pending for eleven years in the courts of Massachusetts, and on the merits of which its supreme court has pronounced three opinions adverse to the plaintiff. Hoyt v. Mutual Ben. Life Ins. Co., 98 Mass. 541; Markey v. Mutual Ben. Life Ins. Co., 103 Mass. 78, 118 Mass. 179.

[I. Assuming the present bill to be intended as one for discovery ancillary to the suit at law, it cannot be maintained. 1. There is no allegation that the discovery cannot equally well be obtained in the pending legal action. Hare, Disc. (2d Ed.) pp. 80, 88. Kerr, Disc. pp. 9, 10; Dunn v. Coates (1738) 1 Atk. 288; Bent v. Young (1838) 9 Sim. 180; Gelston v. Hoyt (1815) 1 Johns. Ch. 547; Mitchell v. Smith (1828) 1 Paige. 287; Heath v. Erie Ry. Co. [Case No. 6,307]. 2. This court takes judicial notice of the public statutes of Massachusetts. Covington Drawbridge Co. v. Shepherd, 20 How. [61 U. S.] 234. It therefore knows that by interrogatories in an action at law the defendant could have obtained all the discovery of facts and production of documents that she asks for by this bill. Gen. St. Mass. c. 129, §§ 46–57. 3. No delivery of the policy now made, whether voluntary or by decree of court, could assist the plaintiff in her pending action at law. (a) If she had when the action was brought a valid agreement to insure or to make and deliver the policy, she can recover for a breach of that contract, in damages. the amount agreed to be insured. Insurance Co. v. Colt, 20 Wall. 560. (b) If on the other hand, she has brought her suit on a policy which had not then been delivered to her, nothing which can be done by herself or by the defendant, or by the decree of a court of equity, will enable her to maintain such an action. A right of action can never be created after the action is commenced. Evans v. Bagshaw, 5 Ch. App. 340.

[II. The bill is not maintainable as one for specific performance of a contract to insure. On its face it shows that the alleged contract was made and broken more than ten years before the bill was filed. It is barred by limitation and the plaintiff has been guilty of laches. Gen. St. Mass. c. 155, § 1; St. N. J. tit. 4, c. 8; Miller v. McIntyre, 6 Pet. [31 U. S.] 61; Com. v. Cochituate Bank, 3 Allen 42; Rhode Island v. Massachusetts, 15 Pet. [40 U. S.] 233; Harwood v. Cincinnati & C. A. R. Co., 17 Wall. [84 U. S.] 78; Peabody v. Flint, 6 Allen, 57; 1 Daniell, Ch. Prac. 587.

[III. The bill is bad for multifariousness; the plaintiff should be required to elect be-

tween the action at law and the bill in equity. 2 Daniell. Ch. Prac. 817; Pieters v. Thomson. Coop. 294; Tillotson v. Ganson, 1 Vern. 103; Hogue v. Curtis, 1 Jac. & W. 449; Jones v. Earl of Strafford, 3 P. Wms. 90, note; Connihan v. Thompson, 111 Mass. 270.] [2]

D. Saunders, for complainant.

SHEPLEY, Circuit Judge. The frame of the bill does not sustain the position that it was brought for a single object, namely, the delivery to the complainant of the policy of insurance to enable her to maintain a suit at law. [The bill is two-fold. It seeks discovery and production of the original application for a policy of insurance and also of a policy of insurance alleged to have been made by the defendants in accordance with the application, such discovery and production being sought to enable her to maintain her suit at law. It seeks, secondly. not the mere discovery and production of the policy of insurance to be used as evidence in the suit at law, but a specific performance of an alleged agreement to deliver a policy of insurance, and a decree for a delivery of the policy to the complainant.] [2] This sufficiently appears from the prayers of the bill. which are, first. that the said defendants may discover and produce the original application for a policy of insurance and the policy of insurance made by them; second, that the said defendants may be decreed to deliver the said policy of insurance, and that the terms of the agreement for a policy of insurance may be specifically performed. etc.. and a prayer for general relief. Such a misjoinder of a bill for discovery in aid of a suit at law, and a bill for the specific performance of a contract to deliver a policy and a decree for such delivery, constitutes multifariousness, and is fatal to the bill, [upon demurrer, even if there were not other fatal objections to the bill in each of its branches, separately considered.] [2] Where a bill contains several distinct grounds of a suit in equity, which cannot properly be joined, it is bad for multifariousness, and one test of this is, that the bill prays for multifarious relief. Daniell, Ch. Prac. 342, and notes; Story, Eq. Pl. § 280; Shackell v. Macaulay. 2 Sim. & S. 79; Dew v. Clarke, 1 Sim. & S. 108.

2. The bill cannot be maintained as a bill for discovery in aid of a suit at law. for two reasons: First, that there is no allegation that it is material that the complainant should have the discovery. which allegation is material. Gelston v. Hoyt. 1 Johns. Ch. 547; Heath v. Erie Ry. Co. [Case No. 6,307]. [The allegation in the bill is not of any inability to prove the contents of the application or policy. or of any inability to have them produced in evidence in the court below, but only that the orator "is advised that in accordance with the decisions of the supreme judicial court of the commonwealth of Mass-

[2] [From 6 Ins. Law J. 537.]

achusetts, she cannot safely proceed in said suit without a delivery to her of the said policy; and your orator has requested the said defendants to deliver to her the said policy, but they have refused, and still refuse, to deliver to her the same." The allegation that defendants have refused, and still refuse to deliver to her the policy, is not inconsistent with their entire willingness to produce and discover the paper in evidence. On the contrary, the allegations in the bill tend to show that there would be no difficulty on the part of the plaintiff in proving the contents of the application and policy, and no reason is perceived why, if the papers are in existence, their production in evidence might not be enforced by any court of common law jurisdiction without the intervention of a court of equity. This allegation in the bill that the plaintiff is advised that she cannot safely proceed in the suit at law without a delivery of the policy, seems not to refer to any supposed need of production and discovery, but is evidently inserted as a necessary averment to sustain that other distinct ground of relief sought in the bill, namely the specific performance of a contract to deliver a policy of insurance.]² Secondly, there is no allegation in the bill that the court of law in which the case is pending cannot compel the discovery. Courts of equity do not interfere when discovery is sought in aid of proceedings in some other court, and the court itself in which the trial is to be had can itself compel the discovery required. Kerr, Disc. pp. 9, 10; Dunn v. Coates, 1 Atk. 288. [There is not only no allegation that the production of the application and the policy is withheld or resisted, but]² the statutes of Massachusetts afford to the complainant every opportunity to obtain production of these papers that is asked for by the present bill.

3. The bill cannot be maintained for the specific performance of an agreement to deliver the contract of insurance. The agreement to make and deliver the policy is alleged to have been made early in the month of November, 1865, and the breach of the agreement and the death of the party whose life was to have been insured by the policy to have both happened during the same month. This bill was filed May 20, 1876, more than ten years after the cause of action accrued. These facts showed such laches as [aside from the express bar of the statute of limitations]² would deprive the complainant of any right to the discretionary relief prayed for, and this objection may be taken on demurrer. Story, Eq. Pl. §§ 484, 503; Maxwell v. Kennedy, 8 How. [49 U. S.] 210, 217. The defendants, though a foreign corporation, by the provisions of the general statutes of Massachusetts have an agent in the commonwealth on whom service might have been made. Under these circumstances, the bar of the statute of limitations, which binds

courts of equity as well as law, also applied to this case. [The object of this bill seems to be after a lapse of ten years to transfer to this court a litigation which has long been pending, and three times tried in the courts of the commonwealth, and which after this lapse of time and in this manner cannot thus be transferred to this tribunal.]²

Demurrer sustained; bill dismissed.