Mr. Justice Van Orsdel
delivered the opinion of the Court:
It is true that Middleton is charged with having a financial interest in the patent rights; that be received a part of the proceeds of the sale, and that be represented to plaintiff that be bad no such interest, but was only an agent for the purpose of negotiating the sale. It also appears from the bill that be induced plaintiff to purchase a part of the invention with a view of their becoming interested in a corporation that should take over the invention, and each was to take a part of the capital stock. From the bill it appears that the plaintiff ■still owns and retains about three hundred shares of the capital stock of the corporation. He seeks no rescission of any contract, no fiduciary relation exists, and no offer is made to return the stock. the sole relief sought is a final decree for a money judgment to make good the damage be has sustained. Upon the averments of the bill it is contended by counsel for *572 defendant that plaintiff has a full, adequate, and complete remedy at law.
An analysis of the bill discloses an action for fraud and deceit, without any of the essential elements present to entitle plaintiff to be heard in a court of equity. In the original, judiciary act defining the jurisdiction of the courts of the United States it is enacted that “suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.” Rev. Stat. sec. 723. It follows, therefore, that the courts will not sustain a bill in equity for the mere recovery of damages when the same result can be obtained at law. Where a court of law can proceed to judgment without the aid of a court of equity, and the ends of justice can be equally well administered, the plaintiff must proceed at law, for the defendant is entitled to his constitutional right of trial by jury. Hipp v. Babin, 19 How. 271, 15 L. ed. 633; Buzard v. Houston, 119 U. S. 347, 30 L. ed. 451, 7 Sup. Ct. Rep. 249.
But it is insisted that since discovery is sought, relief can only be afforded by a court of equity. Neither the relief sought nor the relation of the parties is such as to prevent plaintiff from securing everything it is alleged the discovery will disclose by proper process at law. The books, papers, documents, and records of the several transactions set out in the bill are-all that is sought by the discovery. These are charged to be-in the possession of defendant. They can all be obtained by legal process. The statute affords ample relief. D. C. Code, sec. 1072 [31 Stat. at L. 1358, chap. 854], The court below, referring to this branch of the case, said: “Courts of equity are not inclined to maintain a bill merely for purposes-of discovery at the present day, where the statutes have afforded ample means of procuring the evidence in an action at law and this seems to be the sound view of the matter. The defendant is entitled under the Constitution to a trial by jury in matters strictly cognizable at law. In the present ease the plaintiff himself states that he does not feel sure enough of his ground to institute an action at law, and for that very reason wishes- *573 to know what defendant will say. This is an admission that the present bill is an attempt to get the defendant committed upon various questions of fact before instituting legal proceedings, although the plaintiff does not pretend that he is ignorant of any of the matters of fact which he makes the basis of the bill. On the contrary he sets these facts forth with great particularity.”
Discovery is here sought because of uncertainty in the proof. The purpose is ulterior, and is not therefore a ground for ■equity jurisdiction. The American courts have laid down the principle that a party coming into equity for discovery alone must allege in his bill, and verify the allegations by affidavit, that he has no other means of proving his case. Gelston v. Hoyt, 1 Johns. Ch. 543. A review of the bill discloses that plaintiff has totally failed to bring his case within the rule. In the case of Tyler v. Savage, 143 U. S. 79, 36 L. ed. 82, 12 Sup. Ct. Rep. 340, relied upon by plaintiff, the facts, as disclosed by the bill, and the relief sought, are not analagous to the present case. There the bill prayed for an accounting of the assets and debts of the company; that the assets be realized upon as quickly as possible and the funds paid to its creditors, and that the money paid by the plaintiff for capital stock issued to her should be made a debt of the company, and payment of the same, with interest thereon, be decreed to her. An application was made for the appointment of a receiver to take charge of the effects of the corporation, and to administer them under the direction of the court, and for an injunction restraining the company, its officers, and agents, from managing or interfering with its affairs, with an additional prayer for general relief. It will be observed that the facts stated in the bill and the relief sought were entirely different from the present ease.
It is unnecessary to consider the other questions presented by the appeal. The demurrer was properly sustained. The decree is affirmed, with costs. Affirmed.
Upon application of the appellant, an appeal to the Supreme Court of the United States was allowed December 20, 1911.