Kent, J.
This is an appeal from an interlocutory order of the court of chancery, dissolving an injunction without any answer being put in to the bill.
The two most material points which were raised on the argument upon this appeal, were these :
1st. Is an order, dissolving an injunction, one of the orders of the court below upon which an appeal will lie ?
2d. Did the bill contain sufficient equity to entitle the appellants to a discovery, and consequently, to an injunction, to stay proceedings at law, in the mean time ?
To determine the first question satisfactorily, and to draw the exact line of distinction between that class of orders arising in the progress of a cause, which are susceptible of review by appeal, and that class of orders from which no appeal lies, (and such a distinction must and does exist,) would require a more deliberate examination, than, at this late hour of the court, so near the close of the session, I have had time to bestow.(a) I shall, ^therefore, give no opinion on the first point, nor is it necessary, in the present instance, to the rights of the parties; becanse, admitting an appeal to lie upon the order, I am of opinion on the second question, that the injunction was properly dissolved. The bill does not state sufficient equity to entitle the appel *416 lants to a discovery. It states, generally, that the respondent had madeja demand upon one of the appellants as executrix of Peter Schuyler, deceased ; and that, as he did not produce any voucher, she had refused to pay him. It states further, that he proposed an arbitration, which she refused, and that finally, he had brought a suit against the appellants in the, supreme court. The bill states further that the appellants knew nothing of the demand of their own knowledge, but that they believe it unjust, because the respondent took no measures to liquidate and settle it in the lifetime of Peter Schuyler, and does not now produce any vouchers, and has been inconsistent in what he has from time to time said as to the nature and extent of his demand.
This is the substance of the bill. It amounts to this : the ■respondent has sued us at law, and we do not know for what, and, therefore, we ask for a discovery before-hand, al7 thqugh we have reason to conclude he has sued us upon some groundless pretence. Such a bill shows no equity, no right to a discovery. ' , ;
It sets forth no matter material to a defence at law, and which cannot be proved, unless by the confession of the opposite, party, (2 Yesey, 445, 492. 3 Fonb. 484. I .Yern. 399.) It is, to use Lord Chancellor Hardwicke’s expression, a mere fishing bill, seeking generally a discovery of the grounds of the respondent’s demand, without stating any right to entitle them to it. Such a bill may be exhibited by an executor or administrator, and indeed by any defendant who is not already in possession of the plaintiff’s proofs.
*But the court of chancery has wisely refused to sustain bills for discovery, in such latitude ; and unless the party calling for a discovery will state some matter of fact material to his defence, and which he wishes to substantiate by the confession of the defendant, the court will not enforce a discovery.
I am, accordingly, of opinion, that the appellants in the present case were not entitled to a discovery, and that the injunction staying the suit at law was properly dissolved; *417 and that the order for that purpose ought to be affirmed ; and further, that the appellants pay to the respondent his costs of the appeal to be taxed.
Such being the unanimous opinion of the court, it was, therefore, ordered, adjudged and decreed, that the order of the chancellor be affirmed, with costs.
Judgment of affirmance.(b)

(a) See 1 Johns. Cas 436. 3 Johns. Rep. 549, 566. 4 Johns. Rep. 410,

(b) This case is also reported in 2 Caines’ Cases in Error, p. 296. In confirmation of the principle of the case, see Story’s Eq. PI. ed. 1844, § 325; 2 Story’s Eq. Jur. ed. 1846, § 1483, et seq. and notes ; Milford’s Eq. PI. Am. ed. 1840, 191, 192, and notes ; Frietas v. Don Santos, 1 Younge & Jerv. 577 ; Daniell’s Ch. Pl. and Prac. p. 645, 821, and references.