LANSING
v.
STARR.

## LANSING *against* STARR.

The statute of limitations is a good plea in bar, in this Court, as well as at law ; and where to a suit at law the defendant had pleaded the statute, and the plaintiff filed a bill of discovery, with a view to enable him to show a promise within six years, it was held that the defendant was not bound to discover any thing that would destroy the effect of his plea at law.

*July* 2d.

· THE plaintiff had brought an action at law against the defendant, as endorser of a promissory note, and the defendant pleaded the statute of limitations. This bill was filed for a discovery, as to the origin and consideration of the note, and as to payments made by the drawer, and acknowledgments by the defendant, within six years.

The defendant put in his plea and answer ; and as to so much of the bill as sought a discovery respecting the making and endorsement of the note, or its consideration, or any promise of the defendant to pay it, or any confession of

[ * 151 ]  *the defendant that he owed the note, or any payments thereon, he pleaded that the cause of action, if any, did not accrue within six years before filing the declaration in the suit at law ; and the plea averred, that the defendant had not, within six years previous to the suit, promised to pay the note, or confessed there was a balance due on it, and that the payment endorsed on the note was not made by the defendant, or by the maker on his account.

The *answer* denied the payment, or any confession of payment, or any promise to pay the note, at any time, or any confession of any liability to pay it.

The cause was set down for hearing on the bill and plea.

*Buel*, for the plaintiff.

*Henry*, contra.

THE CHANCELLOR. The defendant is sued at law as endorser of a note, and has pleaded the statute of limitations. The object of the suit here is, to obtain from the defendant some disclosures of the origin and ground of the consideration of the note, so as to enable the plaintiff to meet the plea at law, by showing a payment by the drawer, made and endorsed within the six years. I shall not undertake to inquire whether the discovery, if obtained, could be available at law, in opposition to the plea ; but I am of opinion that the defendant is not bound, in this case, to make any dis-

covery that will destroy the effect of his plea at law. The statute of limitations is a good plea in bar, in this Court, as well as at law, to an action on the note. All the cases show this, and the statute may be pleaded in bar of a discovery of the actual subsisting existence of the debt or of its acknowledgment, for otherwise, the authority of the statute might, at any time, be defeated by a bill of discovery. *There must be something special in the case, or some new equity, to form an exception to this general rule. The plea denies any privity between the parties, or any authority from the defendant, in respect to the payment endorsed on the note. The original consideration of the note has, then, nothing to do with the force and effect of the plea; and I see no good reason why the defendant should be obliged to make those discoveries, in order to enable the plaintiff to try the *experiment* how far they may enable him to defeat the plea at law.

I am, accordingly, of opinion, that the plea is sufficient, and the objections to it are overruled.