## COURT OF APPEALS.

WILLIAM P. GLENNY, respondent, agt. JEREMIAH H. STED-
WELL *et al.*, appellants.

*Examination of parties.*

A plaintiff in an action pending may examine the adverse party, on oath,
before the service on him of a complaint, and for the purpose of obtain-
ing the facts on which to frame a complaint.

*F. N. Bangs*, for appellants.

*R. Sewell*, for respondent.

FOLGER, *J.* — This case calls for a declaration of the mean-
ing of chapter 6 of part 2 of the Code of Procedure, entitled
"Examination of Parties." There has been conflict of opin-
ion thereon in the courts which have been called upon to put
it into practical operation, as is shown by the diverse deci-
sions rendered, and by the several rules of practice which
have been framed and promulgated.

Looking at the practice for which this chapter is a substitute,
and giving to the different sections of it the construction that
they seem to demand, we have come to the conclusion that a
plaintiff in an action pending may examine the adverse party,
on oath, before the service on him of a complaint, and for
the purpose of obtaining the facts on which to frame a
complaint.

As a general rule, a court of equity has jurisdiction to
entertain a bill for the discovery of facts which may aid in
the prosecution or defense of an action in another court, and

which may enable the plaintiff to ascertain who will be proper parties to that action (*Moolady* agt. *Morton*, 1 *Ber. Ch.*, 469 ; *S. C.*, 2 *Dickens*, 652). The bill may be filed when the plaintiff has become actually involved in the litigation, or when he is only liable to be so, and whether he has or has not yet commenced his action (*Adam's Eq., pp.* [19] 86, 87 ; 2 *Story Eq. Juris., secs.* 1483, 1495 ; *City of London* agt. *Levy*, 8 *Ves. Pr.*, 404). This jurisdiction was conferred upon the supreme court by the constitution of 1846 (*art. 6, sec.* 3).

The commissioners who reported the Code of Procedure, and the legislature which enacted it, found the supreme court in possession of this jurisdiction. It is not to be supposed that so great a change was intended to be made as to abolish this power, and to take away this right and means of relief to suitors, unless there is found clear indication of it in the report of the commissioners, or an unmistakable intention in the terms of the enactment. It is suggested that it is a power liable to abuse in the use it may be put to in the harassing of antagonists by inquisitorial inquiry. It is not a sound argument which reasons against the existence of a power from the possibility of the abuse of it; and it is not to be denied that the prudent and legitimate use of it will not, of necessity, be found vexatious, and that it has heretofore proved of benefit to honest suitors, and a great aid to justice. If the power which the court of chancery had under the former practice was exercised without vexation to defendants, why may not the same power be benignly exerted by the courts at this day? It is for the judges now, by rules of practice and by rulings at the examination, to keep plaintiffs within proper bounds, and to ward off from the defendant all inquiry which is vain or curious.

We find that, in reporting the provisions of the Code for the examination of parties to actions which prohibit the bringing of a bill of discovery in one action in aid of another action, the commissioners meant them to be a means of accomplishing substantially the same ends which were attained in a

Glenny agt. Stedwell.

court of equity in the exercise of its jurisdiction to compel discovery (*commissioners' first report*, *p.* 244), nor do the sections reported and adopted prohibit the essential relief before attained. They interdict the mode of relief, as well might be, after the distinctions were removed between a court of law and one of equity, and the commingling in one of the powers and jurisdiction of the two kinds of courts. They might then well provide that in the same action, with whatever subject-matters it dealt, discovery should be afforded and relief granted. · It was a rule in equity, that a bill for discovery would not be entertained, when the bill asked also for relief which a court of law alone could give. But when equity jurisdiction no longer stood alone, but was committed with that at law to the same court, this rule had lost the reason for it, and the mode of procedure could be adapted to the change. Section 389 of the Code, the first section of the chapter, does not prohibit the obtaining discovery, but declares that it can be sought only in the mode specified in that chapter. In the same action in which the relief is sought must the discovery be sought also; and this seems to be the only substantial restriction put upon the breadth of the former practice. The action for relief must be commenced and discovery must be sought in that action, and from a party thereto, in the manner provided in succeeding sections of the chapter. Section 390 makes it lawful to examine as a witness a party to an action, whether that action be equitable in its nature, or be one at law. So did the Laws of 1847 (*Laws of* 1847, *chap.* 426, *second vol.*, 630). It needed an affirmative enactment to make it so. The whole scope and purpose of that section is to make lawful such an examination; and it declares first the legality of it, and then the means of bringing the party to the book; then the rules under which the examination shall be had; and then, with a limitation of the generality with which it commences, states the three modes in which the examination shall be had: First, at the trial; second, conditionally; third, by commission. The act of

1847, before mentioned, had provided for these three ways, and also for a fourth, to wit, for the perpetuation of his testimony in accordance with the Revised Statutes (2 *R. S.*, *p.* 398, *sec.* 33). All that section 390 effects is, that a party to an action may be called and examined as a witness in some of the same circumstances as a person not a party to the suit or proceeding. It is at once perceived that if a suitor is debarred, by section 389, from seeking discovery, save in the action in which he seeks relief, and if the discovery he may have in his action for relief is only at the time and in the mode prescribed by section 390, the rights and benefit he would have had by the former bill of discovery in a court of equity were materially abridged. For he could not search the mind and memory of his adversary by commission (2 R. *S.,* *p.* 393, *sec.* 12), or at the trial, only after an issue of fact had been joined in the action, and conditionally (*id.,* *p.* 391, *sec.* 1), only when he was about to depart the state, or was sick or infirm. The statute for the perpetuation of testimony (*id.,* *p.* 495, *sec.* 43) enables a person who is a party to a suit pending, or who expects to be a party in a suit about to be commenced, to take testimony conditionally and to perpetuate it ; and there is no restriction as to the time during the pendency of the action when this may be done, save perhaps by implication, that it shall be before a trial. But all these provisions look not to the same end as sometimes did a bill of discovery. The statutes look to the obtaining and pre-serving depositions as testimony, to be used as testimony, and that upon the trial by either party who chooses so to do. The bill for discovery, as we have seen, had much wider range than that, and enabled a suitor to procure the precise information, if it lay in the mind of his adversary, on which he might frame his pleadings in an action for relief; might select the persons whom he should make defendants, and procure the knowledge of facts which would qualify him to come to trial well prepared. If it be said that the statute for the perpetuation of testimony, without expressing this as one

of its purposes, does in fact, in connection with the Laws of 1847, enable the party to attain just this, the answer is that section 389 has, by implication, so far repealed the law of 1847, for that section declares that the examination of a party shall be had only in the mode provided by that chapter in its following sections. We repeat, then, that unless there is some other mode of examining a party than conditionally, by commission, or at the trial, the suitor has not the benefit which the former bill of discovery would have given him. And we add that he has not the benefits which the law of 1847 would have given him. We are quite prepared, then, to find in succeeding sections some broader privileges. We do find, that the next section to the 390th does, in its terms, give it as originally reported and adopted (being then section 345 of 1848); it provided that the examination, instead of being had as provided in section 390 (384. *of* 1848), might be had at any time before trial, at the option of the party claiming it. The examination here spoken of is, of course, or might be construed to be, the examination spoken of by the two preceding sections ; the examination of a party to the action, conditionally, by commission or at the trial, is thus made a substitute for the mode of conditional examination, and the mode of examination by commission (if it were possible) and at the trial, which was unncessary, as the law had already provided a machinery for those. So the next year (1849) there was an amendment (*sec.* 391), and the power to examine at any time before the trial was given in place of the examination at the trial only. The Code now stands that a party to an action may be examined conditionally or by commission, or at the trial, or, in place of at the trial, at any time before the trial, at the option of the other party. ·So that the Code now, as to a party, is nearly equal in extent to the Revised Statutes as to witnesses, and nearly parallel with them, and very nearly comes up to the former bill of discovery. A party as well as a person not interested in the action, may be examined conditionally as soon as the action

is pending; by commission, as soon as there is an issue of fact, and at the trial. And if he may be examined at once, on the service of process, though the complaint be not served, his testimony may be perpetuated; and it is an argument that section 391 intends that he should be, for, else there is no method of perpetuating his testimony before the service of the complaint, as may be done with that of any other witness. It is doubtful whether the testimony of one who is likely to be a party to an action not yet commenced may be perpetuated under the Revised Statutes, above cited, for they deal only with witnesses, and not with a party to an action, either real or prospective. We express no decided opinion as to this. We do hold that but for the 391st section, construed as we can construe it, a party to an action cannot be examined after process served, and before complaint served. The omission to provide by the Code for the perpetuation of the testimony of a prospective party before suit commenced, for the benefit of one who expects to be a party to a suit about to be commenced, if it exists, is a failure to fully carry out the avowed purpose of the codifiers to make the parties to actions the prime and principal source of the testimony upon which they are to be determined (*see report as above cited*); and the omission to provide for the examination of a party before complaint served would be another failure to attain fully that purpose, and also a failure in the avowed purpose to provide an ample substitute for the former bill of discovery.

Apart from the argument to be had from this avowed purpose, the language of the 391st section at any time before trial is broad enough to authorize an examination at once after the service of process. There is reason to conclude that so the legislature meant it, for thus is harmonized the purpose of giving to a court of law the power to do that which a court of equity could have done by a separate action, in aid of one at law, with the other purpose of abolishing the wearisome machinery of the court of chancery, and of simplifying and

shortening the method of procedure. The substance is retained, and the process is more ready.

Section 395, as originally passed, and as it remained until 1863, did not harmonize with the section preceding it. It allowed a party called by his adversary to be examined in his own behalf in respect to any new matter pertinent to the issue. If we take this to mean the issue framed by the pleadings, it would not give him a right to testify in his own behalf when no issue had been made. This was not in accord with section 390, upon any construction of it, nor with section 391, as we construe it; for, if examined conditionally by the adverse party, it might be before issue joined by the pleadings; and if he was examined before a judge, under section 391, before trial, it might be before issued joined. There would have been strong reason to infer that the phrase "pertinent to the issue" was not to be interpreted technically, but to mean the real matter in dispute between the parties. However, any discussion of this is no longer of practical use, for in 1863 an amendment of section 395 remedied any seeming or real inconsistency and permits a party called and examined by his adversary to testify generally in his own behalf, subject to the same rules of examination as other witnesses.

Some considerations are sought to be based upon the language of the rule of practice, No. 21, adopted by the convention of the judges in 1874, and the fact that there is a change in the phraseology from that of 1870. It is enough to say that the rule cannot alter the statute (*Rice* agt. *Ehele,* 54 *N. Y.,* 518), and the latter must be interpreted and followed.

The appellant urges that the plaintiff cannot need the information that he pretends to want, inasmuch as his affidavit discloses that he is so far conversant with the case as to be able to state it to counsel and to obtain advice of, and swear to a good cause of action. The same answer might have been made to a bill of discovery under the former practice. It would not have prevailed. If the affidavit disclose

Glenny agt. Stedwell.

such a case as gives the judge the power to act, what action he will take is discretionary with him and may not be reviewed here. The plaintiff claims in his affidavit that he needs to know the names of persons whom he has not yet sued, so that he may make them parties to the action. The appellant ingeniously urges that as they are not now named in the summons, it must be to another action than this that they will be made parties, which would be to violate the prohibition of section 389. Were the names of persons all that the plaintiff needs and seeks, the objection would be stronger. He is not limited to that by the averment of his affidavit. Besides, it is not certain that there need be another action, even if there be others made parties.

The court below may, in its discretion, grant an amendment to the present summons.

The order appealed from should be affirmed. All concur.