Robinson, J.
In my opinion an examination of the plaintiff, in respect to the matter mentioned in the affidavit upon which the application is founded, is not authorized under any of the provisions of the Code, and no case for any such discovery as is required by rule 21 of the Court Rules is presented which justifies the order applied for. While by section 389 of the Code, an action for a discovery in aid of the prosecution or defense is abolished, the mode of examination given by the subsequent sections provides a substitute. By section 390, a party to an action may be examined as a witness, at the instance of an adverse party or of any one of several adverse parties, and for that purpose may be compelled, in the same manner and subject to the same rules of examination as any other witness, to testify either at the trial or conditionally, or on commission. By section 391 it ic provided that instead of the examination being had at the trial, as provided in section 390, it may be had at any time, at the option of the party claiming it, before a judge of the court, or a county judge, or a referee to be appointed by a judge of the court, and at a time and place and upon summons and order as provided for.
By section 392 the party so to be examined may be compelled to attend in the same manner as a witness who is to be -examined conditionally, thereby making *483 reference to the provisions of the Revised Statutes on that subject, which (2 R. S. 392), by section 2, require the application for the examination of the witness to be made upon an affidavit stating, 1st. The nature of the action and the plaintiff’s demand. 2nd. If by the defendant, the nature of his defense. 3rd. The name and residence of the witness. 4th. That the testimony of such witness is material and necessary for the party making such application, in the prosecution or defense, as the case may be. Subdivision 5 is inapplicable, and either of these provisions would also be inapplicable where an examination is sought before issue or pleading, as in Glenney v. Stedwell (1 Abb. N. C. 329). Section 3 provides that if the officer to whom such application for a conditional examination of the witness is made, shall be satisfied that the circumstances of the case require the examination of such witness to obtain justice between the parties, he shall make the order requiring the adverse party to appear before such officer and attend such examination. (In this proceeding it may be before either a judge, a county judge, or a referee.) Section 10 prescribes the mode of summoning the witness (Greene v. Herder, 7 Robt. 455).
By section 470 of the Code the judges of the higher courts were authorized to make such rules, not inconsistent with the Code, as might be necessary to carry it into effect, and by rule 21, they have provided that the application for an examination under section 391 of the Code should be upon affidavit disclosing the nature of the discovery sought to enable the party applying to prove his case or defense on the trial, and how the same is material in aid of the prosecution or defense, as the case may be (See Story Eq. Pl. §§ 321-326).
These provisions require in the application, if made after issue joined, the above mentioned statements of the Revised Statutes (2 R. S. 392, § 2), as well as those exacted in the 21st rule, showing the existing ma *484 teriality for the examination of the party as a witness to the case of the party seeking his examination, by a disclosure of the nature of the discovery sought, to enable the party to plead or to prove or maintain his case on the trial, and how the same is material in aid thereof.
The provision of section 392, for the obtaining or enforcing of such examination before trial “in the same manner as of a witness who is to be examined conditionally,” adopts the same measures and course of proceeding as in that case, so far as applicable,, and leaves the application to the judgment and discretion of the judge, on a case presented by affidavit that satisfies him the examination of such witness is required “to attain justice between the parties.” Rule 21 was adopted to the same end, and, unless inconsistent with the Code, was but a proper exercise of the authority given the judges to carry its provisions into effect. It was but in harmony with the intentions of the Legislature as expressed in section 392, to adopt the provisions of the Revised Statutes as to the mode of procuring the examination of a witness conditionally, and with reference to the prior law; the requirements of rule 21 innovate upon no absolute right, given by the Code, but merely prescribe the mode of its exercise. No substantial right, undisclosed by affidavit, can be affected by a denial of an application that does not conform to the statutes and rule, or fails to disclose such a case in all its features that from the circumstances so presented a denial of the application would plainly prevent “the attaining of justice between the parties.”
The right of a party to require his adversary to attend and be examined as a witness on his behalf, so far as it is a substitute for a bill of discovery, is confined to such matters as might be legitimately made matters of contest in such a proceeding. His applica *485 tion must show the existence of a cause of action or a substantial defense, as the case may be, and the particular facts sought to be elicited; the status or right of the party seeking the discovery, entitling him to maintain it; and that the matter sought to be discovered is, upon the pleading or case presented, material (Bailey v. Dean, 5 Barb. 297; McIntyre v. Mancius, 16 Johns. 592). It is not indispensable that it be absolutely necessary (March v. Davison, 9 Paige, 580; Vance v. Andrews, 2 Barb. Ch. 370). But it was not permissible through such a proceeding to ascertain the nature or grounds of the claim made against him, so as to discover if he has any defense thereto (Deas v. Harvie, 2 Barb. Ch. 448); its true province was to compel a party to a legal controversy to disclose matters within his knowledge or his power of informing himself and material to the applicant’s prosecution of his action or defense, so as to enable the latter to form his pleading or prove his case, but not to get information as to whether he had any case, and much less to explore his adversary’s case. It must not be a mere fishing proceeding, instituted with a view to pry into the case of the opposite party, as in Newkirk v. Willett (2 Johns. Cas. 413) wherein Chancellor Kent, describing the complaint, says : “It amounts to this ; the respondent has sued us at law, and we don’t know for what, and, therefore, we ask a discovery beforehand, although we conclude he has sued us upon some groundless pretence.” The principles are well stated in 1 Abb. N. C. 332, in the note, on what facts or circumstances rights of discovery are based.
In Carr v. Great West. Ins. Co. (3 Daly, 160), C. J. Daly, at general term, held that the examination provided for by section 391 of the Code was limited to cases where a discovery wonld have been previously ordered in equity in aid of the prosecution or defense of the action, and in a note he states that rule 21, subse *486 quently adopted, at the convention of the judges in 1873, of which convention he was a member and concerned in framing this provision, was but an exposition of this construction assumed and adopted by the judges. Such right of discovery of any fact material to the case of the party seeking it was not confined to one wherein the testimony sought was necessary or indispensable, but was available when it was material to the party’s case (Marsh v. Davison and Vance v. Andrews, supra). The right to so examine the adverse party to any fact material to the case of the applicant, under the rules that governed the proceeding under a bill of discovery, seems perfectly consistent with such a -construction of the 21st rule, and does no violence to it, except so far as it might be construed' to deny any right to such examination before pleading (Glenney v. Stedwell, supra). The absolute right to require any person to attend and be examined as a witness on behalf of the party subpoenaing him, always depended upon the fact that the witness was personally cognizant of something material to the case of that party, and an action against him for non-attendance at the trial, could not be maintained unless it was shown the case of the ' party failed for want of such testimony (Pearson v. lies, 2 Doug. 556); and the lack of such an allegation or proof was a defense, as well against the remedy given by statute as for special damages (Maddison v. Shore, 5 Mod. 355; S. C., 1 Salk. 206; Amey v. Long, 9 East, 473; Hermans v. Williams, 11 Wend. 636). This consideration would not, however, prevent the exercise of the power conferred by these provisions of the Code to require the examination of a party as to any fact material to the case of his adversary, as their special design was thereby to avoid the- expense and trouble of procuring the. attendance of other witnesses at the trial, when the facts sought to be established were within the knowledge of *487 the adverse party. Notwithstanding the party summoned may be so examined, he is yet but the witness for the adverse party {Code, § 390), and is subject to the same rnles of examination as any other witness called by his adversary. It is true, some such latitude of examination may be permitted as is ordinarily allowed on the examination of a witness known to be adverse and hostile; but otherwise the directions of the Code are absolute, that he is subject to the same rules of examination as any other witness called in the same interest. Such rule of examination of a witness called on a party’s own behalf allows no initiation or adoption of a course of pure cross-examination, and far less were the provisions of the Code intended for any other purpose than to enable the party to prove by his adversary some facts tending to establish his own case. They afford no countenance for their being used for inquisitorial purposes, or as means to pry into the adverse case, or -with any view to enable a party to prepare for trial through discovery of the evidence, circumstances or witnesses by which it is intended to be supported and maintained. Within the limits before indicated it is, however, a right which, upon a proper case presented, the order for the examination should be accorded, and the testimony of the adverse party required to be given, to the extent of his knowledge of the facts inquired of, material to the case of his adversary; but to that it ought to be limited, and especially disallowed as to questions peculiarly appropriate to a cross-examination.
The application in the present case by the defendant, to procure the examination of the plaintiff before trial, is founded on her affidavit.
[The learned judge here stated the substance of the affidavit as above given.]
She does not disclose the nature of her defense, as required by 2 Ii. 8. 393, § 2, subd. 2, or how any fact *488 ■within plaintiff’s knowledge can be applicable or material. It is manifest this application lacks every essential element of such a proceeding as justified a bill of discovery before the Code, or any license of examination which it affords, and cannot be otherwise characterized than as an inquisitorial and fishing proceeding, such as is condemned by all the authorities applicable to the subject. All the matters which she thus seeks to elicit, by way of discovery or proof from her adversary, are such as he is, in the first instance, bound to maintain and prove as essential to his case—to wit, the existence of the agreement, its breach, and the extent of his consequential damages resulting therefrom —before she is in any way called upon to enter upon her defense.
It is notorious that such proceedings, instituted for such purposes, seldom result in the offering on the trial of the testimony thus taken, by the party procuring the examination, and that the examination thus had is ordinarily but for inquisitorial purposes and to pry into the case of an adversary. In my opinion, they ought not to be encouraged or allowed, except when it appears they are adopted in good faith, and purely for purposes of discovery of matters resting peculiarly in the knowledge of the adverse party, and the testimony sought is material to the case of a party seeking the examination, but never for the mere purpose of eliciting the grounds or sources of the adverse claims or the evidence by which it is to be established.I find no authentic report or evidence of any ruling or practice of any other of the courts of record of this State (as has been invidiously suggested) upon which this court can be regarded as backward in any just administration of those administrations of the Code, or as failing to afford any such proper means of “ scraping the conscience” of an adversary before trial, as the law affords. This application is denied.

 Compare cases reported ante, pp. 327-355.