Robinson, J.
[After stating the facts.]—I had occasion recently, in the case of Schepmoes v. Bousson, 1 Abb. N. C. 481, in what might be termed a suit at law, to examine, somewhat in detail, what I regard to be the peculiar province of the proceeding thus authorized, and to express the opinion that it was one assimilated to and a substitute for the former proceeding by bill of discovery in aid of such an action or its defense, whereby the adverse party, if a necessary and material witness to the case of the party seeking his examination, might be so examined preliminarily to the trial, as well in respect to matters exclusively within his knowledge as also with a view to avoid the expense and trouble of procuring other witnesses on the trial to such facts. That such proceeding accorded with that furnished, previously to the Code, by a bill of discovery in aid of a' jurisdiction which could not *131 compel evidence on oath by the defendant as to matters material to sustain the case of the complainant (Story Eq. Pl. § 319, note 3).
I further held that the application, when made after issue joined, must show affirmatively, the nature of the action and plaintiff’s demand; the nature of the defense, if the defendant was the applicant; that in every case it mnst be made to appear that the testimony of the adverse party sought to be obtained was material to the case of the applicant, and that the circumstances of the case required such examination to obtain justice between the parties. And, as the proceeding was regulated by the 21st rule, that the affidavit on which the application was based should disclose the nature of the discovery sought to enable the applicant to establish his case or defense on the trial, and how the same was material in aid of the prosecution or defense, as the case might be (Story Eq. Pl. § 365, subd. 2 and cases cited, note t). That while legitimate and authorized for this purpose, it was not intended and ought not to be used for mere purposes of cross-examination, or a fishing or inquisitorial investigation into the case of the party sought to be examined, or to elicit the grounds or sources of any adverse claims, or the evidence of witnesses by which they could be established, or with a mere view to enable the party to prepare for trial; but that (in a proper case) it should be allowed so as to enable him to thereby avoid the necessity of procuring the attendance of other witnesses to prove or maintain his case (Wigram on Dis. 4, 22; Vance v. Andrews, 2 Barb. Ch. 370); that the testimony sought might be so exacted if it were shown to be material, although not necessary to the maintenance of the case of the applicant; but I further there intimated and so now hold, that otherwise than as above indicated, the application must show affirmatively on affidavit- satisfactory to the judge, that the party *132 sought to be examined was personally cognizant of or had it readily in his power, through deeds, papers and writings which he was possessed of or could command (Wigram on Dis. 13), to ascertain particular facts material to the applicant? s case and that his examination in respect thereto was necessary and proper for the purpose of attaining justice between the parties.
The provisions of the Code have effected or resulted in this difference—that while, to a bill of discovery against several defendants united in interest or charged with common action, specific answers from each, as to every matter specifically alleged might be exacted, the proceeding under the Code is several as to each adverse party, who is to be separately proceeded against for the purpose of his own examination as a witness, and “subject to the same rules of examination as any other witness ” (Code, § 390).
This last qualification avoids any analogy to the to the rule in chancery, that the answer of a defendant under oath, responsive to an inquiry could not be overcome by a single witness (Forward v. Harris, 30 Barb. 341); and his testimony cannot affect his co-defendants unless they have a common interest in the relief sought for by the complaint.
[The learned judge here stated on what papers the application was made, and" the substance of the attorney’s affidavit.]
The affidavit of the attorney establishes nothing except as to matters within his knowledge, and under such, general allegations, discloses no facts alleged under oath, known to plaintiffs or to him, upon which it is shown, as of their own knowledge, or presumptively, from facts which they can so truthfully state under oath, that this defendant, Henry B. Hyde, was a witness to, or is personally cognizant of any fact, matter or thing material to the plaintiff’s case, or of any act or transaction at which he was present and *133 had knowledge thereof, and which was material to the plaintiff’s case, or in respect to which he conld testify in plaintiff ’ s behalf. Mere advice of counsel is insufficient to establish such necessity of evidence (Wilkie v. Moore, 17 How. Pr. 480; Strong v. Strong, 3 Robt. 675; People v. Trinity Church, 6 Abb. Pr. 177). In the substitution of this extraordinary mode of examination of an adversary before trial and out of court, as a witness in aid of the case of the party calling him, the peculiar means prescribed by the Code in substitution of the proceeding by bill of discovery and the particular facts' and circumstances necessary to be disclosed by affidavit under which such remedy could have been previously invoked, cannot be disregarded, nor can any of the rules of examination of any other witness ordinarily called by a party on the trial, be innovated upon (Code, § 390). Where such examination is sought to be obtained by an adverse party after issue and before trial, the application must show, by satisfactory proof, the particulars above stated.
What particular facts are within the especial knowledge of this defendant, Henry B. Hyde, in respect to which his examination is sought on this application, are not disclosed by any of the papers presented on this application. The general charge by an attorney, made on behalf of his client, on information and belief \ of a knowledge by all the defendants, in gross, of the various facts alleged, constitutes no ground for the examination of either one of them. Without such charge of special knowledge on the part of Mr. Hyde of all or some of them, the provisions of the Code do not, beyond what was allowed under a bill of discovery, afford any means for a fishing examination, upon general and indefinite allegations, unestablished by some affirmative proof founded on direct assertion by one assuming the responsibility of an oath thereto, which .either establishes the existence of such knowledge on *134 his part or the proof of any other facts from which such knowledge could be legally inferred. As Justice Kent says, in Newkirk v. Willett, 2 Johns. Cas. 413, in delivering the opinion of the court of errors: “Unless the party calling for the discovery will state some matter of fact, material to his defense, which he wishes to substantiate by the confession of the defendant, the court will not enforce the remedy.” .
The proceeding is special, and outside of any mode known to the common law. The attendance of the adverse party on such examination is not enforceable upon the common law writ of subpoena, and only on the special order and summons of the judge, allowed upon facts shown to him by affidavit, warranting any such examination before trial.
The object of the proceeding is perverted when used for the mere purpose of inquiry as to what the party may possibly Imozo, or may be extracted from him on an inquisitorial examination in aid of the party seeking the examination. His liability or responsibility for attendance as a witness and adverse party, and submitting to an examination, depends upon the fact that he has actual knowledge or is in possession of means of affording evidence of something material to the case of the party so assuming to call him as a witness (See cases cited in Schepmoes v. Bousson, supra ; Lane v. Stebbins, 9 Paige, 622).
While the absence of such knowledge alleged and proven would exempt him from responsibility to the party summoning him for non-attendance under subpoena at the trial, so too under this proceeding. Unless the application for his examination is thus predicated upon some reliable evidence as to matters precisely disclosed and positively or presumptively shown to be within his knowledge, any order for his examination is in my opinion without the jurisdiction of the officer to whom the application is made (See Tilton v. United *135 States Life Ins. Co., 1 Abb. N. C. 348, affirmed at general term, January, 1877) ; and if incautiously granted it ought on application to be vacated. It is certainly within the discretion of the judge to grant or deny the application, and also on the examination to limit it to such subjects of examination as were properly presented in the original application. Outside of the examination of an adverse party as allowed by section 391 of the Code, all essential rights of parties after issue joined may be obtained by calling such adverse party as a witness on the trial; and the only legitimate end to be gained by such examination after issue joined and before trial, is to relieve the party from the trouble and expense of calling other witnesses to establish his case. This evidently is not one of substantial right, affecting the merits of the controversy, as was possibly the case in Glenny v. Stedwell, 64 N. Y.; 1 Abb. N. C. 327. But after issue joined it is matter of incidental consideration, and its allowance rests in the judicial discretion of the judge to whom the application is made upon consideration of the facts and circumstances stated in the affidavit presented him thereon, showing its necessity in order to “attain justice between the parties” (Gelston v. Hoyt, 1 Johns. Ch. 543).
Under the former practice for purposes of discovery it was essential that the bill should contain precise statements of the facts sought to be discovered from the defendant, and disclose their materiality to the complainant’s case and to the establishment of a judgment thereon as against the adverse claim of the defendants in the action. It could not be maintained as to any of the defendants against whom no judgment could be rendered on the case presented, or who could be called as a witness on the trial of the action at law, nor could the answer of any such a defendant be read against his co-defendants (Hughes Eq. Draft, 374, and notes).
*136 The jurisdiction of the court of equity was carefully guarded so as to elicit the truth without wrong to the party from whom the discovery was sought. His examination was not to be made suddenly or without time for deliberate answer. He was informed by the bill as to the objects aimed at, and had the plaintiff’s statements and the whole of the interrogatories to which he was to. respond before him, so that he might give either direct or modified answers or explanatory statements. It is in this view of the proper purposes of a bill of discovery for which the provisions of the Code are a substitute that I am of the opinion that this proceeding is not permissible for the purposes of a general and indiscriminate examination or inquiry of an adverse party as to what matters he may possibly know, or to which he may be able to testify without previous specific charge by affidavit of his knowledge of specific facts and circumstances, and that he can testify thereto. Without such evidence furnished the judge and a precise assertion by affidavit, of the knowledge possessed by the adverse party, of the particular matters in respect to which the examination is sought and ■ which shall be shown material to the case of the applicant, an allowance of his examination before trial may well be characterized as a mere fishing examination, which should neither be allowed nor favored, and far •less should the power be exercised for inequitable purposes, or to create or promote litigation (2 Johns. Ch. 150 ; 3 Id. 467 ; 4 Paige, 639 ; 6 Barb. 297).
Without further consideration of the merits of the case presented by the complaint as to whether the plaintiffs show any title to sue, or whether, or on further application, supplying the defects before indicated, any such application, considering the peculiar character of the case, should be granted before trial, the present one should be denied with $10 costs.