THOMAS E. KINNEY, APPELLANT, *v.* ELLIS H. ROBERTS & CO., RESPONDENT.

*Examination of a party before trial — it cannot be ordered when all the evidence sought for must tend to show him guilty of a crime or render him infamous — To mitigate damages in a libel suit the facts must have been known to the defendant when he published the libel — The special county judge of Oneida county may make an order for the examination of a party before trial.*

This action was brought to recover damages for the publication by the defendant, in its newspaper, of a libel, charging that the plaintiff, who was then running for office, was during the war for the suppression of the rebellion a rebel spy, and that he had been, as such, arrested within the Union lines and imprisoned some fourteen months. The defendant before answering, upon an affidavit showing that it intended to justify the statement and prove, in mitigation of damages, that it was published in full belief of its truth, procured an order requiring the plaintiff to appear and be examined. It appeared from the affidavit that the only facts and circumstances as to which the defendant desired to examine the plaintiff, were such as tended to show that the plaintiff was a rebel spy and had been arrested and imprisoned as such.

*Held,* that as every issue as to which the testimony of the plaintiff was sought, was such that an affirmative answer to the questions to be put to the plaintiff, would subject him to a criminal prosecution, or to a penalty or forfeiture, or would render him infamous, he would be privileged from answering them, and that the order should not have been granted, as it could only serve to compel the plaintiff to appear upon the record as pleading his privilege.

That an examination should not have been ordered to enable the defendant to procure evidence which would tend to mitigate the damages, as the facts and circumstances to be available for that purpose must have been known to and believed by the defendant at the time of the publication of the libel.

The special county judge of Oneida county has power to make an order requiring a party to appear and be examined, under the provisions of the Code of Civil Procedure, upon the application of his adversary.

APPEAL from an order of the Lewis Special Term, denying a motion to vacate an order requiring the plaintiff to be examined at the instance of the defendant.

*Spriggs, Matthews & Spriggs* and *A. Coburn,* for the appellant.

*W. A. Matteson,* for the respondent.

SMITH, P. J.:

This is an action for libel. The defendant is a corporation engaged in the business of printing and publishing a daily newspaper in the city of Utica. The plaintiff, in 1880, was a candidate for the office of county judge in the county of Oneida. His complaint alleges, in substance, that on the 28th of October, 1880, the defendant printed and published in its newspaper an article charging that in the war for the suppression of the rebellion, the plaintiff was a " rebel spy," and as such was arrested within the Union lines, and imprisoned some fourteen months. The defendant has not answered, and it is alleged in its behalf that an examination of the plaintiff is necessary to enable it to frame an answer. The nature of the defense, as alleged in the affidavit on which the order for the examination was obtained, is (1.) That defendant did publish the allegations charged in the complaint, but that such allegations are not a correct statement of all it published concerning the plaintiff or of the substance and effect thereof — and the affidavit then sets out two other articles published by the defendant, on the 29th and 30th of October, 1880 ; (2.) That the allegations contained in said three publications are true ; (3.) That whatever the defendant published concerning the plaintiff was in full belief of its truth, and not from malice, and that defendant will give evidence thereof in mitigation of damages, as well as in justification ; and (4.) That defendant denies each allegation in the complaint, except the publication set forth in the affidavit.

The affidavit further alleges, on information and belief, that at sometime during the war the plaintiff was a student in the University of Virginia, and was, in common with other students in that institution, enrolled in the militia, home guard or soldiery of the Southern States; that during the war he visited the Northern States, and while returning to the south, was arrested by United States authorities within the lines of the United States army, and imprisoned for sometime in the old Capitol prison at Washington; that M. M. Jones, of Utica, had conversation with him in the prison concerning his arrest and imprisonment, and E. H. Risley, of Utica, has had conversations with him on the same subjects; and the affiant's information concerning the same was obtained from those persons, and he believes it to be true.

The affidavit further alleges that in order to prepare defendant's answer and the trial, and to conduct the defense, it is necessary and material to examine the plaintiff as to when and how long he attended said university; what his duties, aims and objects were in attending it; when, where and how be became enrolled, how long he was enrolled, whether he took the oath of allegiance to the Southern Confederacy; when and from what point he started on his last journey to the Northern States, his companions thereon, the route he traveled, the places and localities he visited, and other facts and circumstances connected with his journey, arrest and imprisonment, and the extent of his sympathy with the Southern States, and his efforts to aid them in the rebellion, if any; also as to what damages have been sustained by him by reason of the publication alleged in the complaint.

In *King* v. *Leighton* (58 N. Y., 383), the Court of Appeals held that the power to examine a party given by the old Code, was only a substitute for the remedy by bill of discovery. And the reasoning of the learned judge who spoke for the same court in the case of *Glenney* v. *Stedwell* (64 N. Y., 120), is to the effect that such examination was intended as a full substitute, affording the same benefits which were allowed by the courts of equity through such a bill. The new Code differs somewhat from the old upon that subject in matters of detail, and section 389 of the old Code, which made the mode therein provided for the examination of a party exclusive, is now obsolete. Nevertheless the provisions of the two

Codes, in respect to the examination of a party, are alike in substance, and the method of the new Code, like that of its predecessor, is a substitute for the old remedy by bill for discovery, and is subject to the rules by which that remedy was governed, except as otherwise provided by statute.

It was a fundamental rule of the Court of Chancery, that it would not compel a defendant to discover that which, if he answered in the affirmative, would subject him to punishment, or render him infamous, or expose him to a penalty. (*McIntyre* v. *Mancius,* 16 Johns., 592.) For that reason the court would not compel a defendant in an action for libel or slander to furnish evidence in answer to a bill for discovery, to maintain the action and subject himself to punitive damages, they being in the nature of a penalty. (*Bailey* v. *Dean,* 5 Barb., 297 ; *March* v. *Davison,* 9 Paige, 580.) And although the defendant, in an action of that kind, could compel a discovery on the part of his adversary, in support of a plea of justification, he could not compel his adversary to discover any matter in such a case which would subject him to a criminal prosecution, or render him infamous, or which would subject him to a penalty or forfeiture. (*Per* WALWORTH, Ch., in *March,* v. *Davison,* *sup.,* 585, and cases there cited.)

We think that proceedings under the statute for the examination of a party are to be controlled by the rules above stated, so far as they are applicable to the facts of each case. We do not intend to say that an order for the examination of a party should be refused whenever it appears from the affidavit presented that some of his answers, if favorable to his adversary, will criminate himself or render him infamous. If there are other matters respecting which he is not privileged as a witness, his examination should be ordered and he be left to assert his privilege whenever a question is put to him which trenches upon it. But where it is apparent from the moving papers that every issue, upon which the testimony of the party is shown to be material and necessary, involves matters, and those only, in respect to which he is privileged, for the reason above stated, we do not think an examination should be ordered. The order would be of no avail to the party asking it, and it ought not to be granted to him for the sole purpose of compelling his adversary to appear upon the record as pleading his privilege.

(*Brandon Mfg. Co.* v. *Bridgman,* 14 Hun, 122; *Phœnix* v. *Dupuy,* 2 Abb. N. C., 146.)

The only case we are aware of in conflict with these views is *Corbett* v. *De Comeau* (54 How., 506), cited by the respondent's counsel. It was decided by the late Mr. Justice SANDFORD, of the New York Superior Court, at Special Term, and it ordered the defendant in an action for libel to be examined, the judge holding that the objection of privilege was prematurely made on the motion, and that the defendant could only avail himself of it when questioned as to the publication of the libel. Whether it appeared in that case that the only fact sought to be proved by the plaintiff was the publication of the libel, is not shown by the report. If not, the decision may be sustained on that ground, but otherwise, we think, with due deference, that it does not accord with the intent of the Code.

In the present case, the only matter set forth in the affidavit, in respect to which, it is alleged that the defendant needs the testimony of the plaintiff, are certain facts and circumstances tending to prove the truth of the allegation that the plaintiff was a rebel spy and was arrested and imprisoned as such, with the single exception of the plaintiff's damages. As to the latter subject, it is enough to say that no special damages are alleged in the complaint, and the only damages recoverable are such as the law may imply from the publication of the alleged libel, the amount to be determined by the jury without proof of actual damages. The averments in the affidavit relating to damages may therefore be laid out of view.

So far as the testimony would tend to show the plaintiff guilty of the crime charged in the publication, it may be said that the plaintiff was relieved from legal punishment therefor by the amnesty proclamations of 1868. (Appleton's Annl. Cyclopædia, 1868, pp. 753, 754.) But the proof would still tend to render the plaintiff infamous and the privilege remains. And as the privilege extends to the entire scope of the proposed examination, the order appealed from should be reversed on that ground.

There is another view of the case leading to the same result. The testimony sought is only material as tending to mitigate damages or to establish a justification. But no facts or circumstances can be shown in mitigation, except such as were known and

believed by the defendant at the time of publishing the alleged libel. (*Cooper* v. *Barber*, 24 Wend., 105; *Bush* v. *Prosser*, 11 N. Y., 347; *Hatfield* v. *Lasher*, 81 N. Y., 246.) Of course it is not needed for the purpose of the defense that the plaintiff be examined in respect to matters that came to the knowledge of the defendant before the publication.

As to a justification, it is not alleged or shown by the affidavit that the defendant expects to defend on the ground that the single publication alleged in the complaint as the only cause of action was true. The position of the defendant in that regard, as alleged in the affidavit, is understood to be that the three publications set out in the affidavit taken together are true. This, coupled with the further averment that the allegations in the complaint as to the publication are not a correct statement of all that the defendant did publish concerning the plaintiff, and which the affidavit avers to be true, shows very clearly that the defendant does not propose to justify the single publication alleged in the complaint. Should the defendant plead the matters thus alleged in the affidavit by way of justification, it is questionable, to say the least, whether the pleading would be good. A justification must be as broad as the charge, and it should meet the very charge which is alleged as the cause of action. But this question and other questions which suggest themselves as to the relevancy of the last two publications set up in the affidavit as matter of defense, can be better disposed of after the answer is served, or when proof is offered at the trial. We do not undertake to decide them, but we refer to them merely for the purpose of stating the difficulties that lie in the way of ordering an examination of the plaintiff, for the purpose of enabling the defendant to frame an answer setting up the defenses specified in the affidavit.

But waiving the considerations above suggested, it is difficult to see from anything alleged in the affidavit that an examination of the plaintiff is needed to enable the defendant to prepare a plea of justification as to the whole or any part of the publication alleged in the complaint. The answer may be on information and belief. The affidavit shows that the defendant had information on which it relied in making the publication. The names of the informants are given, and for aught that appears, the defendant can avail itself

of their testimony at the trial. And if the charges in the publication do not exceed the information which they gave to the defendant, those witnesses can prove a justification by the declarations of the plaintiff made to them. Under these circumstances, it would seem that the proposed examination is not necessary to the defense, and that it would only serve as an experiment to enable the defendant to find out, in advance of the joining of issue, whether it can sustain its proposed defense by the testimony of the plaintiff. We do not think the statute intends an examination for such a purpose. (See *Schepmoes* v. *Bousson*, 1 Abb. N. C., 486; *Winston* v. *English*, 44 How., 398, 409; *Beach* v. *Mayor*, 14 Hun., 79.)

We have not intended to do anything more than to dispose of the application of the defendant to examine the plaintiff before issue joined. In case the answer, when served, shall present one or more issues materially different from those set out in the affidavit before us, the disposition we make of the present appeal is without prejudice to the right of the defendant to move for an examination of the plaintiff for the purpose of using his testimony at the trial.

A question was made on the argument as to the power of the special county judge of Oneida to make the order for the examination. We think there is no reason to doubt his power. Such officer possesses all the powers and may perform all the duties of a county judge out of court. (Laws 1849, chap. 306, as amended by chap. 108, Laws 1851.) When the act of 1849 was passed, county judges possessed the power in question (Laws 1848, chap. 379, old Code, § 345), and the power is continued to them by the present Code. (Sec. 872.) The fact that the latter section does not mention special county judges, does not divest them of the power conferred by the acts of 1849 and 1851. Those acts still operate to vest those officers with the powers possessed by county judges out of court.

For the reasons above stated, the order denying the motion to vacate, etc., should be reversed and the motion granted, with ten dollars costs and disbursements.

HARDIN, J., and DWIGHT, J., concurred.

So ordered.