FOURTH NATIONAL BANK OF THE CITY OF NEW YORK, APPELLANT, *v.* GEORGE A. BOYNTON, RESPONDENT·

*Evidence — examination of a party as a witness before the trial — only allowed to enable the applicant to procure testimony to make out his own case — Code of Civil Procedure, sec. 872, sub. 4*

This action was brought upon two promissory notes made by the defendant, of which the plaintiff claimed to be a *bona fide* holder, for value, without notice of any defense thereto. The defendant set up as a defense that the notes were first negotiated by him with one Follett at a usurious rate of interest. The plaintiff, upon an affidavit setting forth these facts, that it had no knowledge whatsoever with regard to such negotiation, or its terms ; that Follett was and would be absent from the State for an indefinite time, and that it was informed by its attorneys, and believes that it was necessary for the prosecution of the action to examine the defendant, " in order to establish whether such negotiation was in fact made by the said Follett; and if so, to show what were its terms and circumstances," procured an order requiring the defendant to appear and be examined.

*Held,* that, as it was evident that the plaintiff desired to examine the defendant, not to procure testimony which was material or necessary to enable him to make out his case upon the trial, but to discover the testimony which the defendant could give in support of his defense, the order was properly vacated upon the defendant's application.

APPEAL from an order made at a Special Term, vacating an order for the examination of the defendant as a witness before trial.

In the affidavit upon which the order was made it was alleged, among other things, as follows :. " This action is on two promissory notes made by said Boynton, of which plaintiff is the *bona fide* holder for value, without notice of any prior defenses whatsoever. The judgment demanded is the amount due on the notes with protest fees, namely, $11,002.66 and interest from November 11, 1882. The action is at issue by the service of an answer which sets up as a sole defense that the notes were first negotiated by the defendant with one Follett at a usurious rate of interest. Plaintiff and its officers have no knowledge whatsoever with regard to such negotiation or its terms, or the relations, if any, subsisting between defendant and said Follett, or with regard to any of the circumstances alleged as a defense in the answer. The said Follett is now absent from the State, and he will be absent for an indefinite time,

and I am informed by persons in the employ of his assignees and believe that it is probable that he will not return before the first Friday of February next, for which day this action is set down for trial. I am informed by the plaintiff's said attorneys, after full and fair statement of the facts to them, and believe that it is therefore material and necessary for the prosecution of this action to examine the defendant above named, George A. Boynton, in order to establish whether such negotiation was in fact made by the said Follett, and if so, to show what were its terms and circumstances."

*David J. H. Wilcox*, for the appellant.

*Thomas Darlington*, for the respondent.

DANIELS, J.:

The action has been brought to recover the amount of two promissory notes made by the defendant and transferred to the plaintiff.

The answer set forth the defense of usury in the preceding transfer of the notes from the defendant to the person receiving them from him, and the examination of the defendant has been sought, "to establish whether such negotiation was in fact made by the said Follett, and if so, to show what were its terms and circumstances."

It is very evident from this statement that the testimony desired to be obtained is not material or necessary for the prosecution of the action by the plaintiff. The object of the examination, as thus disclosed, is simply to discover the testimony which the defendant may be able to give in support of his defense.

And for that object the provisions of the Code have supplied no authority for his examination at the instance of the plaintiff before trial. For that has been authorized when the application may be made by the plaintiff after issue joined, only to enable the plaintiff to obtain testimony which may be pertinent or useful in the prosecution of the action, by way of making out the case upon the trial. (Code of Civil Pro., § 872, subd. 4.)

This is the reasonable import of the language of the subdivision, and it has been so construed in many instances by the courts. The case of *Chapin* v. *Thompson* (16 Hun, 53) is particularly in point upon this subject, and so is that of *Beach* v. *Mayor* (14 Hun, 79).

In the last case the application received the disapproval of the court, for the reason "that the object was not to get his testimony to use upon the trial, but to force him by an examination to furnish to the defendants the information necessary to enable them to look up witnesses to be used against him."

This language is particularly applicable to the present case. For that is disclosed as the practical object of the examination of the defendant by the affidavit on which the order was made, which the court, on motion, vacated. *Schepmoes* v. *Bousson* (1 Abb. N. C., 481), *Greer* v. *Allen* (15 Hun, 432) and *Crooke* v. *Corbin* (23 id., 176) also sustain the same construction of this subdivision of the Code.

The order vacating the previous order requiring the defendant to appear and submit to the examination was right, and it should be affirmed, with ten dollars costs besides disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.