THE WAYNE COUNTY SAVINGS BANK, RESPONDENT AND APPELLANT, *v.* JAMES BRACKETT, AND JAMES BRACKETT, AS PRESIDENT OF THE ROCHESTER AND OLEOPOLIS OIL COMPANY, APPELLANTS AND RESPONDENTS.

*Examination of a party before trial — the testimony must be shown to be material and necessary — Code of Civil Procedure, sec. 872, subd. 4, General Rule No. 83 — right to examine the president of a joint-stock association in an action against the association in his name as president — Code of Civil Procedure, sec. 1919.*

In this action, brought against the defendant Brackett individually and as president of the Rochester and Oleopolis Oil Company, upon certain notes made by the company, the plaintiff procured an order for the examination of Brackett before trial, upon an affidavit stating that his examination was

material and necessary to the plaintiff to enable it to ascertain whether the defendant company was a copartnership, as alleged in the complaint, or a joint-stock association, as alleged in the answer, to enable it to prepare for trial, and to enable it to ascertain the authority of Brackett, as president, etc., to make notes on behalf or in the name of the said company.

*Held*, that the affidavit failed to show that the testimony sought was material and necessary to the plaintiff's case, as required by section 4 of subdivision 872 of the Code of Civil Procedure and General Rule No. 83, and that the order should be vacated.

*Quære*, as to the right to examine the president of a joint-stock association in an action brought against the association in his name as president, as provided in section 1919 of the Code of Civil Procedure.

CROSS appeals from an order of the Monroe Special Term denying the defendant's motion to vacate an order for the examination of the defendant Brackett as a witness before trial, and granting the motion to vacate such order as to the witness Warren.

The action was brought against Brackett individually and as president of the Rochester and Oleopolis Oil Company on certain notes alleged to have been made by that company.

*J. B. Perkins*, for the defendants.

*L. A. Amsden* and *H. H. Woodward*, for the plaintiffs.

SMITH, P. J. :

Upon an application under section 870, etc., of the Code of Civil Procedure, for the examination of a person before trial, whether a party to the action or not, the applicant must state, by affidavit, facts and circumstances showing that the testimony sought is material and necessary to his case. (Sec. 872, sub. 4, Rule 83; *Beach* v. *Mayor*, 14 Hun, 79; *Chapin* v. *Thompson*, 16 id., 53; *Schepmoes* v. *Bousson*, 1 Abb. N. C., 481; *Elmore* v. *Hyde*, 2 id., 129.)

The plaintiff has attempted to comply with that rule in this case; but has not succeeded. It is not shown or alleged that the testimony sought will tend to support the cause of action. All that is alleged in respect to Brackett is, in substance, that his examination is material and necessary to the plaintiff to enable it to *ascertain* whether the defendant company is a copartnership, as alleged in the complaint, or a joint-stock association, as alleged in the answer, to *enable it to prepare* for the trial, and to enable it to *ascertain* the authority of Brackett, as president, etc., to make notes on behalf or

in the name of said company. Like averments are made in respect to the materiality of the testimony of Warren. Similar affidavits were held insufficient in the cases above cited, and we regard those authorities as decisive of this case.

The plaintiff contends that Brackett is a party defendant, and that the Code makes the granting of an order for the examination of an adverse party obligatory. In the view we take of the statute it is not necessary to decide whether Brackett is to be regarded as a party or not. So far as he is concerned individually, his liability is not denied. If he is to be treated as a party to the issue, it is by reason of the fact that the company is sued in his name as president, as authorized by section 1919 of the Code, and the prior act of 1849. (Chap. 258.) It was held at Special Term, in the New York Superior Court, that a person sued according to the act of 1849 is the only party defendant, and as such party he may be examined under section 870 *et seq.* of the Code. (*McGuffin* v. *Dinsmore*, 4 Abb. N. C., 241.) In *The People* v. *The Mutual Gas-Light Company of the City of Brooklyn*, it was held by the Court of Appeals that section 870 *et seq.* of the Code do not include the officers, servants, agents or employes of a party, although such party be a corporation, and, accordingly, that the director of a corporation defendant could not be compelled to submit to an examination before trial. (74 N. Y., 434.) That decision was made in 1878. In 1880, the seventh subdivision of section 872 of the Code was amended by adding to it a provision that "if the party sought to be examined is a corporation, the affidavit shall state the names of the officers or directors thereof, or any of them whose testimony is necessary and material, * * * and the order to be made in respect thereto shall direct the examination of such persons." * * * Whatever may be the effect of that provision upon the point decided by the Court of Appeals in the case cited, it does not abrogate the preceding subdivision 4 of the same section, already referred to; on the contrary, it is to be read with it, so that whether Brackett is to be regarded as a party or not, the affidavit must state facts showing that his testimony is material and necessary. And it is only when such an affidavit is presented to the judge that he is required by section 873 to grant an order for the examination asked for.

It follows that the order appealed from, in so far as it denies the motion to vacate the order for the examination of Brackett, should be reversed, and in all other respects affirmed; and the appellants are entitled to ten dollars costs of this appeal and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.